**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-1615**

———————

MARIA SOUMAH,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A97-920-713)

———————

Submitted: November 4, 2005          Decided: November 23, 2005

———————

Before WILKINSON, LUTTIG, and MOTZ, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Sopo Ngwa, Silver Spring, Maryland, for Petitioner. Peter D.
Keisler, Assistant Attorney General, James A. Hunolt, Senior
Litigation Counsel, M. Jocelyn Lopez Wright, Assistant Director,
Office of Immigration Litigation, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Maria Soumah, a native and citizen of Guinea, petitions for review of the Board of Immigration Appeals' ("Board") denial of her applications for asylum and withholding from removal and the affirmation of the immigration judge's denial of her motion for a continuance.[*]

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). It defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000).

An applicant can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2005). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). This presumption can be rebutted on a finding of a fundamental change of circumstances so that the alien no longer has a well-founded fear, or a finding that the alien

---

[*]The Board also denied Soumah's application for withholding under the Convention Against Torture. She does not challenge that holding.

could avoid persecution by relocating within the country of removal. 8 C.F.R. § 1208.13(b)(1)(i)(A), (B) (2005).

Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih, 371 F.3d at 187. The well-founded fear of persecution standard contains both a subjective and an objective component. "An applicant may satisfy the subjective element by presenting 'candid, credible, and sincere testimony demonstrating a genuine fear of persecution.'" Chen v. INS, 195 F.3d 198, 201-02 (4th Cir. 1999) (quoting Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992) (internal quotation marks omitted)). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Huaman-Cornelio v. Bd. of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2005); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999). Credibility findings, relevant to the subjective component, are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). We accord broad, though not unlimited, deference to credibility findings

supported by substantial evidence.  <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004).

To establish eligibility for withholding of removal, an alien must show a clear probability that, if she were removed to her native country, her "life or freedom would be threatened" on a protected ground.  8 U.S.C. § 1231(b)(3)(A) (2000); <u>see</u> <u>Camara</u>, 378 F.3d at 370 (4th Cir. 2004).  A "clear probability" means it is more likely than not the alien would be subject to persecution.  <u>INS v. Stevic</u>, 467 U.S. 407, 429-30 (1984).  "The burden of proof is on the applicant for withholding of removal . . . to establish that his or her life or freedom would be threatened in the proposed country of removal" on account of a protected ground.  8 C.F.R. § 1208.16(b) (2005).  A showing of past threat to life or freedom on such a ground creates a rebuttable presumption that the threat would recur upon removal.  8 C.F.R. § 1208.16(b)(1)(i); <u>Camara</u>, 378 F.3d at 370.  Withholding of removal is mandatory if the alien meets the standard of proof.  <u>Stevic</u>, 467 U.S. at 429-30.

A determination regarding eligibility for asylum or withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole.  <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary.  8 U.S.C. § 1252(b)(4)(B) (2000). We will reverse the Board "only if 'the evidence presented

- 4 -

by the petitioner was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting Huaman-Cornelio, 979 F.2d at 999 (internal quotation marks omitted)). We find the evidence was not so compelling as to warrant reversal.

We further find the Board did not abuse its discretion in affirming the immigration judge's denial of a motion for a continuance. Initially, we note the immigration judge did not deny Soumah her statutory and constitutional right to counsel. After being informed of her right to counsel, Soumah voluntarily chose to proceed pro se. Moreover, even if she was denied her right to counsel, Soumah has not shown she was prejudiced. Rusu, 296 F.3d at 320.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 5 -